PER CURIAM.
Appellee Philip R. Fixel obtained a judgment against Charles-Stuart Motor Company and Charles J. Steingold. Prior thereto Charles-Stuart Motor Company, holding a lease on property of the Steingolds, joined with Anne Steingold in making a lease of the premises to A1 Siegel Motors, Inc. Thereafter the corporation (Charles-Stuart Motor Company) assigned its interest in the Siegel lease to Anne Steingold. The judgment creditor, Fixel, brought action against the Siegel company to garnish the rents. On trial after traverse the court held that Charles-Stuart Motor Company was one-half owner (as lessor) of the lease to Siegel and that its assignment thereof to Anne Steingold “was designed to defeat the rights of the plaintiff herein as a creditor, in that said assignment was done in anticipation of the plaintiffs lawsuit and for no valuable, valid or good consideration.” The trial court then held as follows:
“3. The Assignment of that certain business lease, dated April 4, 1968 between Anne R. Steingold and Charles-Stuart Motor Company, a Florida corporation, as Lessors and Alfred Siegel, as Lessee be and the same is hereby set aside, voided and held for naught as a fraudulent conveyance designed to defeat the rights of the creditors of the Defendant, Charles-Stuart Motor Company. The Defendant, Charles-Stuart Motor Company is therefore indebted to the Plaintiff Philip R. Fixel for one-half (i/2) of the full rental value of the lease. In order to avoid multiplicity of suits and the waste of this Court’s time, and to prevent unnecessary expenses to the parties hereto, the Garnishee A1 Siegel Motors Inc. shall pay one-half (%) of all future rental payments pursuant to the terms of the lease described above, to Meyer, Weiss, Rose § Arkin, Attorneys for the Plaintiff, Philip R. Fixel. The Garnishee shall be permitted to pay the entire sales tax due on the rental payments to Anne Steingold and deduct from the payments to the Plaintiff, the Plaintiff’s portion of the sales tax, and Anne Steingold shall be solely responsible for payment of the sales tax on the total rent paid to the State of Florida.”
Charles-Stuart Motor Company and Charles J. Steingold and Anne Steingold his wife appealed therefrom, challenging the holding that Charles-Stuart Motor Company had a fifty percent interest in the Siegel lease; the ruling setting .aside the corporation’s assignment of its said interest in the lease; and the provisions of the judgment relating to future rents and the payment of sales tax. We find no merit in the first two of the contentions referred to above. We find merit in the contention of the appellants that the garnishment judgment should not cover future rents, but only those owed by the garnishee. The appellees cite no authority to support that questioned ruling. Appellants refer to §§ 77.04 and 77.06 Fla.Stat., F.S.A. requiring the garnishee to respond by answer as to whether indebted and in what sum, and providing that service of the writ shall make the garnishee liable for all debts due by him to the defendant at the time of the service of the writ or at any time between service and the time of his answer. Whatever remedies the judgment creditor may have to reach the portion of the subse *269 quently accruing rents to which the judgment debtor Charles-Stuart Motor Company may become entitled, this garnishment proceeding is not geared to accomplish that end. Accordingly, the judgment is modified to eliminate therefrom the direction to the Siegel company to pay over one-half of future rentals to Fixel.
We find no reason to disturb the ruling of the trial court relating to the handling of the sales tax on the rentals affected by the garnishment judgment.
Judgment modified, and, as modified, affirmed.